The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: September 5 2018

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-32840 |
| | ) | |
| Jesse L. Clevinger, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION REGARDING
### MOTION FOR RECONSIDERATION OF DISALLOWED CLAIM

This case came before the court for hearing on a motion filed by creditor CACH, LLC, ("Creditor") for reconsideration of the court's order disallowing Claim Number 1-1 filed by it ("Motion for Reconsideration") [Doc. # 34], and Debtor's response [Doc. # 38]. Debtor's attorney and the Chapter 13 Trustee appeared at the hearing in person, and Creditor's attorney appeared by telephone.

The district court has jurisdiction over this Chapter 13 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings involving reconsideration of an order disallowing a claim are core proceedings that the court may hear and determine under 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (B). For the reasons that follow, the court will deny the Motion for Reconsideration.

The following facts are not in dispute. This Chapter 13 case was commenced on July 31, 2014. On

August 14, 2014, Creditor filed a timely proof of claim, asserting an unsecured, nonpriority claim in the amount of $3,780.81. [Claim No. 1-1]. Its proof of claim provides that notices should be sent to the following address: 4340 S. Monaco Street, 2nd Floor, Denver, Colorado ("Monaco Street address"). [*Id.*]. On November 14, 2014, the court confirmed Debtor's Chapter 13 plan, which provides for a 100% dividend to unsecured creditors. [Doc. ## 2, 17].

On March 6, 2017, Creditor filed a notice of address change on the case docket, directing all correspondence and payments to be sent to PO Box 5980, Denver, Colorado. [Doc. # 25]. On July 22, 2017, Creditor filed a second notice of address change on the case docket, directing correspondence and payments to be sent to PO Box 10587, Greenville, South Carolina ("South Carolina address"). [Doc. # 26].

Debtor filed an objection to Creditor's proof of claim number 1-1 and notice of the objection on April 16, 2018, and served them on Creditor at the Monaco Street address only. [Doc. # 27]. Before Debtor's objection was filed, the Trustee had distributed $2,427.82 to Creditor on account of its claim, leaving a balance of 1,352.99 yet to be paid.

Also on April 16, 2018, the court entered a Notice of Objection to Claim, scheduling a hearing on Debtor's objection for May 22, 2018, and stating that a response to the objection was due by May 14, 2018. [Doc. # 29]. The notice further states that if a response is not filed, that "the Court may decide that you do not oppose the relief sought in the objection. The hearing will not be held absent a written response being timely filed with the Court." [*Id.*]. The court's notice was mailed to Creditor by first class United States mail at all three addresses set forth above. [Doc. # 30]. No mail sent to Creditor by the court has been returned as undeliverable.

Creditor filed no response to Debtor's objection and, on May 22, 2018, the court entered an order disallowing Creditor's claim as a result of its failure to respond. [Doc. # 31]. Creditor seeks reconsideration of that order, arguing that Debtor served the objection on Creditor at the wrong address.

## LAW AND ANALYSIS

On motion of a party in interest and after hearing on notice, "a claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j); Fed. R. Bankr. P. 3008. A "reconsidered claim" may then be "allowed or disallowed according to the equities of the case." *Id.*; *Colley v. Nat'l Bank of Texas (In re Colley)*, 814 F.2d 1008, 1010 (5th Cir. 1987) ("If reconsideration is granted, the court may readjust the claim in any fashion 'according to the equities of the case.'"). Thus, "[r]econsideration under 502(j) is a two-step process. First, a court must decide whether there is 'cause' for reconsideration. Then,

the court must decide whether the 'equities of the case' dictate allowance or disallowance of the claim." *Dorula v. Flanders (In re Starlight Group, LLC)*, 515 B.R. 290, 293 (Bankr. E.D. Va. 2014). The burden of showing that cause for reconsideration exists is on the movant. *Id.*

The court exercises broad discretion in its determination to reconsider a disallowed claim under § 502(j). *In re Sterling Rubber Products Co.*, 316 B.R. 485, 489 (Bankr. S.D. Ohio 2004); *aff'd* Case No. 04-8090, 2006 WL348143 (B.A.P. 6th Cir. Feb. 15, 2006). While neither § 502(j) nor Rule 3008 define "cause" for reconsideration, courts addressing the issue, including this court, have applied the standards for relief from judgment set forth in Rule 9024 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 60 of the Federal Rules of Civil Procedure, in deciding whether cause exists. *See, e.g., In re Meggitt*, No. 17-30029 (Bankr. N.D. Ohio Jan. 12, 2018); *Blixseth v. Glasser (In re Yellowstone Mountain Club)*, 593 Fed. App'x 643 (9th Cir. 2015); *Snyder v. Internal Revenue Serv. (In re Snyder)*, 68 F.3d 468 (Table), 1995 WL 581655, *4 (5th Cir. Aug. 31, 1995); *State of Ohio v. H.R.P. Auto Ctr., Inc.*, 130 B.R. 247, 255 (Bankr. N.D. Ohio 1991); *McMillan v. LTV Steel Co., Inc.*; No. 1:06CV00850, 2007 WL 2838975, *12 (N.D. Ohio Sept. 26, 2007); *Butler v. Ormet Corp.*, No. 2:08-cv-973, 2009 WL 103351, *2 (S.D. Ohio Jan. 13, 2009); *In re Freightway Corp.*, 170 B.R. 108, 110 (Bankr. N.D. Ohio 1994); *see also Leedy v. Agribank, FCB (In re Leedy)*, 41 F.3d 1507 (Table), 1994 WL 673647, *1 (6th Cir. 1994) (finding reconsideration of creditor's claim based on creditor's alleged fraud is subject to the one-year time limitation of Rule 60)*; Pleasant v. TLC Liquidation Trust (In re Tender Loving Care Health Servs., Inc.)*, 562 F.3d 158, 163 (2d Cir. 2009) (stating that "there is no reason that a motion to reconsider pursuant to § 502(j) should not be governed by the time limit set in Rule 9024"). The general applicability of Rule 60 is supported by the provision of Rule 9024 that Rule 60 "applies in cases under the Code except that (1) a motion . . . for reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c). . . ." By implication then, Rule 60 applies to § 502(j) motions for reconsideration with one exception relating to the time limit of Rule 60(c) as stated in Rule 9024.

Rule 60(b) provides as follows:

On motion and just terms, the court may relieve a party. . . from a final judgment, order, or proceeding for the following reasons:
        (1) mistake, inadvertence, surprise, or excusable neglect;
        (2) newly discovered evidence. . .
        (3) fraud. . ., misrepresentation, or misconduct by an opposing party;
        (4) the judgment is void;
        (5) the judgment has been satisfied, released, or discharged,. . .; or
        (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Courts have broad discretion in deciding whether to grant or deny a Rule 60(b) motion. *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014).

Creditor's arguments do not fall within the confines of subsections two, three or five of Rule 60(b). And the catch-all provision of subsection (b)(6) applies "only in exceptional and extraordinary circumstances which are not addressed by the first five numbered clauses of Rule 60(b)." *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001). Creditor has not asserted any exceptional or extraordinary circumstances. Because Creditor's arguments relate to improper service of Debtor's objection to its proof of claim, the court will consider whether a due process violation occurred warranting relief under Rule 60(b)(4) and whether relief is warranted under the "excusable neglect" provision of Rule 60(b)(1).

The court entered its order disallowing Creditor's claim as a result of Creditor's failure to respond to Debtor's objection. In deciding whether to set aside a default judgment under Rule 60(b), courts are generally directed to consider three equitable factors: (1) whether culpable conduct of the party seeking relief led to the default; (2) whether the party seeking relief has a meritorious defense; and (3) whether the party opposing relief will be prejudiced if the order is vacated. *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) (citing *United Coin Meter Co. v. Seaboard Coastline R.R*, 705 F.2d 839, 845 (6th Cir. 1983)). "Where relief is sought under Rule 60(b)(1), the culpability element of the *United Coin Meter* factors "is framed in terms of 'mistake, inadvertence, surprise, or excusable neglect.'" *Id.* at 832. The party seeking relief must show that the default was due to one or more of these factors before it is permitted to demonstrate satisfaction of the remaining two *United Coin Meter* factors. *Id.*

**A. Due Process - Fed. R. Civ. P. 60(b)(4)**

Rule 60(b)(4) allows a court to relieve a party from a final judgment or order when "the judgment is void." Fed. R. Civ. P. 60(b)(4); Fed. R. Bankr. P. 9024. This provision "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). "[D]enying a motion to vacate a void judgment is a per se abuse of discretion." *Burrell*, 434 F.3d at 831. At issue here is whether Creditor was denied procedural due process by the manner in which Debtor served the objection to its proof of claim.

Rule 3007 of the Federal Rules of Bankruptcy Procedure, as amended effective December 1, 2017, provides in relevant part as follows:

(2) Manner of Service

(A) The objection and notice [of objection] shall be served on a claimant by first-class mail to the person most recently designated on the claimant's original or amended

proof of claim as the person to receive notices, at the address so indicated. . . .

Fed. R. Bankr. P. 3007(a)(2)(A). The rule thus requires a creditor's proof of claim to include a correct address at which notices should be sent. Presumably then, a creditor must amend its proof of claim to reflect the correct address when there is a change of address. In the April 27, 2017, order transmitting the rule changes to Congress, the United States Supreme Court ordered that they "shall take effect on December 1, 2017, and shall govern in all proceedings in bankruptcy cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." Order re: Amendments to the Federal Rules of Bankruptcy Procedure (April 27, 2017).

Debtor served his objection to Creditor's proof of claim at the Monaco Street address indicated for notices on the proof of claim. Debtor thus served the objection in the manner prescribed by amended Rule 3007(a)(2)(A). While such service would be sufficient if this case was commenced after the effective date of amended Rule 3007, it was not. The case was filed over three years earlier on July 31, 2014. And Creditor's most recent notice of change of address was filed on July 22, 2017, also before the effective date of the amended rule. Debtor's attorney received electronic notice of Creditor's notice of address change. Under these circumstances, it is not just and practicable to apply amended Rule 3007(a)(2)(A) in this case, and the court declines to do so. Prior to December 1, 2017, the Bankruptcy Rules did not specifically address the manner in which objections to claims must be served. But following the direction in Bankruptcy Rule 2002(g) for providing notice to creditors, the court finds that sufficient service in cases commenced before December 1, 2017, requires notice to be addressed as the creditor has directed in the last request filed in the particular case. *Cf.* Fed. R. Bankr. P. 2002(g)(1). The last request filed by Creditor directed notice to be sent to the South Carolina address. Debtor did not comply with that request.

Nevertheless, at issue here is whether Creditor received sufficient notice to satisfy constitutional due process requirements, that is, "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Creditor argues only that Debtor's objection was not properly served. It does not contend that it did not have actual notice of Debtor's objection. *See Oneida Indian Nation of N.Y. v. Madison County*, 665 F.3d 408, 429 (2d Cir. 2011) (stating that "actual notice satisfies due process—so long as that notice 'apprises [a party] of the pendency of the action and affords [it] an opportunity to respond'"); *United States v. McGovney*, 270 Fed. App'x. 386, 387 (6th Cir.2008) (stating that actual notice is sufficient to satisfy the requirements of procedural due process); *Khan v. Ashcroft*, 374 F.3d 825, 828 (9th Cir. 2004) (same).

5

The court's own Notice of Objection to Claim was sent to Creditor by regular United States mail, addressed not only to the South Carolina address but also to the notice addresses set forth in Creditor's proof of claim and in its first notice of change of address. "[T]he common law has long recognized a presumption that an item properly mailed was received by the addressee." *Bratton v. Yoder Co. (In re Yoder Co.)*, 758 F.2d 1114, 1118 (6th Cir.1985) (citing *Hagner v. United States*, 285 U.S. 427, 430 (1932)). None of the mail sent to Creditor was returned as undeliverable, and Creditor does not contend that it did not receive the court's notice.

The court's notice dated April 16, 2018, informed Creditor that Debtor had filed an objection to its claim, that Creditor must file a response by May 14, 2018, for the Court to consider its views regarding the objection, that if a response was not filed, the court may decide that Creditor did not oppose the relief sought in the objection, and that a hearing would be held on May 22, 2018, if a response was filed. Thus, Creditor was on notice that an objection to its claim had been filed, and it had adequate time to take steps to protect its rights. Because the court's notice apprised Creditor of the pendency of the proceeding and was timely enough to afford it an opportunity to present a response, it satisfies constitutional procedural due process requirements. Rule 60(b)(4) does not support Creditor's Motion for Reconsideration.

**B. Excusable Neglect - Fed. R. Civ. P. 60(b)(1)**

The United States Supreme Court has stated that "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). Determining whether a party's neglect is excusable is an equitable determination, "taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395; *see Burrell*, 434 F.3d at 832 (stating that "courts apply Rule 60(b)(1) 'equitably and liberally . . . to achieve substantial justice"). Those circumstances include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs.*, 507 U.S. at 395; *see Burrell*, 434 F.3d at 832 ( "In cases that have not been heard on the merits, the determination of whether neglect is excusable takes into account the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith." ). These factors "do not carry equal weight; the excuse given for the late filing must have the greatest import. While the others might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry." *United States v. Munoz*, 605 F.3d 359, 372–73 (6th Cir. 2010) (citation omitted).

In this case, the length of Creditor's delay in responding to Debtor's objection to its proof of claim and the potential impact of the delay on this case, weigh in favor of Creditor. Creditor's Motion to Reconsider, wherein it addresses Debtor's objection, was filed eight weeks after the deadline for filing a response set forth in the court's notice. Because there are still twelve months remaining in Debtor's sixty-month Chapter 13 plan and only $1,352.99 of Creditor's $3,780.81 claim remains unpaid,[1] Creditor's delay would have minimal impact on this case.

However, Creditor's asserted reason for its delay weighs heavily against finding excusable neglect. Creditor's stated reason is that Debtor served the objection at the Monaco Street address for notices included on its proof of claim rather than at the South Carolina address included in its most recent request for notices to be sent. However, as discussed above, the court provided Creditor with notice that the objection had been filed and that absent a response being filed, the court could consider that it did not oppose the objection. The court's notice was served on Creditor not only at the Monaco Street address but also at the South Carolina address, neither of which was returned to the court as undeliverable. Although Creditor had ample time to file a response, it did nothing until the court entered its order disallowing Creditor's claim. Creditor has offered no explanation, and the record is otherwise silent, as to how Debtor serving his objection on Creditor at the Monaco Street address impaired its ability to file a timely response. Having provided no such explanation, the court has no basis for determining whether or not Creditor was acting in good faith.

Considering the *Pioneer* and *Burrell* factors, the court finds, on balance, that Creditor has failed to show excusable neglect. The court, therefore, need not discuss the remaining *United Coin Meter* factors to find that Rule 60(b)(1) does not support Creditor's Motion for Reconsideration.

### CONCLUSION

Creditor has not met its burden of showing that the court's order disallowing its claim should be vacated under Rule 60(b)(1) or (b)(4). Consequently, Creditor has failed to show "cause" for reconsideration of the court's order under 11 U.S.C. § 502(j) and Rule 3008.

The court will enter a separate order in accordance with this memorandum of decision.

###

---

[1] Debtor has not requested an order requiring Creditor to refund that portion of its claim for which it had already received payment, and the court would not be inclined to grant such a request.